**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | |
|---|---|
| Calvin Williams,<br><br>　　　Plaintiff,<br><br>v.<br><br>National Medical Administrators, Inc.,<br><br>　　　Defendant. | Civil Action No: 3:19-cv-928<br><br>**COMPLAINT**<br><br>**DEMAND FOR JURY TRIAL** |

NOW COMES, Plaintiff CALVIN WILLIAMS ("Plaintiff"), by and through his attorney, SHAWN JAFFER LAW FIRM, PLLC, for her complaint against Defendant NATIONAL MEDICAL ADMINISTRATORS, INC., ("Defendant"), *to wit*, for violations of 15 U.S.C. § 1692 *et seq.*, the Fair Debt Collection Practices Act ("FDCPA").

**PREMLIMINARY STATEMENT**

1.　This is an action for statutory damages, costs, and attorney's fees pursuant to 15 USC §1692 *et seq.* (FDCPA).

**JURISDICTION AND VENUE**

2.　This Court has jurisdiction over this action and all counts under 28 U.S.C. §§ 1331, 1337 and 15 U.S.C. § 1692k.

3.　Venue in this District is proper under 28 U.S.C. §§ 1391(b)(2) because a substantial part of the events or omissions giving rise to this claim occurred here.

**PARTIES**

4.　Plaintiff is a natural person residing at 1503 Brookhaven St., Cleburne, TX 76033 in Johnson County.

5.　Plaintiff is a "consumer" as defined by 15 U.S.C §1692a(3).

6. Plaintiff allegedly owes a debt (the "Consumer Debt"), for $119.97 for an Account, No. 2062880 from TRS Limited-Raging Lion, as defined by 15 U.S.C §1692a(5).

7. Defendant is a "debt collector" as defined by 15 U.S.C §1692a(6).

8. Defendant attempted to collect the Consumer Debt from Plaintiff.

9. Defendant is a collection agency headquartered in Norcross, Georgia.

10. Defendant employs a registered agent, Jack R. Littell, for service of process at 10810 Old Katy Rd., Suite 102, Houston, Texas.

11. Defendant regularly collects, or attempts to collect debts from Consumers in Texas.

12. Defendant engages in interstate commerce by regularly using telephone and mail in a business whose principal purpose is the collection of debts.

13. Defendant acted through its agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogees, and representatives.

14. At all times material hereto, Defendant was acting as a debt collector in respect to the collection of Plaintiff's debts.

15. The current creditor of the Consumer Debt is National Medical Administrators, Inc. (the "Current Creditor").

## FACTUAL ALLEGATIONS
*Violation – Collection Letter*

16. At a time better known to Defendant, an obligation was allegedly incurred to Raging Lion.

17. The obligation arose out of a transaction involving a debt allegedly incurred by Plaintiff with TRS Limited-Raging Lion, the funds which were used primarily for personal, family or household purposes.

18. On or about April 3, 2019, the Defendant mailed a collection Letter to the Plaintiff. See Exhibit "A".

19. Defendant's Letter was an attempt to collect the Consumer Debt from Plaintiff.

20. Defendant did not inform Plaintiff that the Letter was an attempt to collect a debt and that any information obtained will be used for that purpose.

21. The collection letter is misleading and deceptive to an unsophisticated or least sophisticated consumer because the Letter failed to disclose that the Letter was an attempt to collect a debt and that any information obtained will be used for that purpose.

22. As a result of Defendant's deceptive and misleading debt collection practices, Plaintiff has suffered an information injury as to his rights and has been damaged.

## COUNT I
## VIOLATIONS OF THE FAIR DEBT COLLECTION PRACTICES ACT 15 U.S.C. §1692e *et seq.*

23. Plaintiff re-alleges and incorporates by reference paragraphs in this complaint as though fully set forth herein.

24. Defendant's debt collection efforts against Plaintiff violated various provisions of the FDCPA, including but not limited to 15 U.S.C. §1692e.

25. Under 15 U.S.C. § 1692e, a debt collector:

    may not use any false, deceptive, or misleading representation or means in connection with the collection of any debt.

    1. The failure to disclose in the initial written communication with the consumer and, in addition, is the initial communication with the consumer is oral, in that initial oral communication, that the debt collector is attempting to collect a debt and that any information obtained will be used for that purpose, and the failure

to disclose in subsequent communications that the communication is from a debt collector, 15 U.S.C. §1692e(11); and

2. The use of any false representation or deceptive means to collect any debt or to obtain information concerning a consumer, 15 U.S.C. §1692e(10).

26. Defendant violated the FDCPA when the Defendant *did not* communicate, in writing, that the "debt collector is attempting to collect a debt and that any information obtained will be used for that purpose," on the alleged debt:

> *Section 1692e(11) applies both to oral and written communications from debt collectors. 15 U.S.C. § 1692e(11). The FDCPA defines "communication" as "the conveying of information regarding a debt directly or indirectly to any person through any medium." 15 U.S.C. § 1692a(2). Courts have generally held that voicemail messages are communications under the FDCPA even if they do [\*20] not mention the debt in the message. Berg v. Merchs. Ass'n Collection Div., Inc., 586 F. Supp. 2d 1336, 1340-41 (S.D. Fla. 2008); Foti v. NCO Fin. Sys., 424 F. Supp. 2d 643, 655-56 (S.D.N.Y. 2006) (holding that a voice mail message is a "communication" under the FDCPA); Hosseinzadeh v. M.R.S. Assocs., Inc., 387 F. Supp. 2d 1104, 1115-16 (C.D. Cal. 2005) (same); but see Biggs v. Credit Collections, Inc., No.CIV-07-0053-F, 2007 U.S. Dist. LEXIS 84793, 2007 WL 4034997 \*4 (W.D. Okla. Nov. 15, 2007)*
>
> *This Court agrees with the majority of district courts that have ruled on the issue. In light of the remedial nature of the FDCPA, the better interpretation of "communication" includes even those voice mail messages that simply request that the consumer return the debt collector's call. The ultimate purpose of such a message is to communicate with the consumer about the debt. As such, the message itself qualifies as an indirect conveying of information about a debt.*

<u>*Rodriguez v. Fulton Friedman & Gullace, LLP*</u>*, No. H-11-4592, 2012 U.S. Dist. LEXIS 122041, at \*19-21 (S.D. Tex. Aug. 28, 2012)*

27. For these reasons, the Defendant is liable to the Plaintiff for statutory damages, costs, and attorney's fees.

## **DEMAND FOR TRIAL BY JURY**

28.     Plaintiff requests a trial by jury on all issues and counts so triable, pursuant to Rule 38 of the Federal Rules of Civil Procedure.

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, requests that the Court enter judgment in favor of Plaintiff and against Defendant for:

(1)     Statutory damages of $1,000 as provided under 15 U.S.C. §1692k(a)(2)(A);

(2)     Reasonable attorney's fees, litigation expenses and costs of the instant suit, as provided under 15 U.S.C. § 1692k(a)(3); and

(3)     Such other or further relief as the Court deems proper.

DATED: April 16, 2019

Respectfully Submitted,

**SHAWN JAFFER LAW FIRM PLLC**

/s/ *Shawn Jaffer*__                               .
Shawn Jaffer
Texas Bar No.: 24107817
9300 John Hickman Pkwy, Suite 1204
Frisco, Texas 75035
Phone:     214-618-0860
Fax:          214-594-6100
E-mail:    shawn@jafflaw.com

*Attorney for Plaintiff Calvin Williams*